[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 20, 2008
THOMAS K. KAHN
CLERK

_____

No. 06-15394

_____

D.C. Docket No. 04-80738-CV-WPD

WHITE LION VAN LINES, INC.,
a Florida corporation,
GREG FISCHER,

Plaintiffs–Appellants,

versus

PALM BEACH COUNTY, FLORIDA, a charter
county and political subdivision of the
State of Florida,
PALM BEACH COUNTY BOARD OF COMMISSIONERS,
the governing body of the county,
et al.,

Defendants–Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(February 20, 2008)**

Before ANDERSON and BARKETT, Circuit Judges, and TRAGER,[*] District Judge.

PER CURIAM:

The plaintiffs, White Lion Van Lines, Inc. and Greg Fischer, sued Palm Beach County, Florida and Dennis Moore under 42 U.S.C. § 1983, claiming that the County and Moore unconstitutionally deprived them of due process and equal protection in their implementation of Palm Beach County Moving Ordinance No. 2000-010. The plaintiffs' theory of the case was that the Division of Consumer Affairs of Palm Beach County ("DCA") and its director, Moore, treated complaints made against White Lion differently, and less favorably, than those made against moving companies on the DCA's Moving Task Force, and that the DCA and Moore otherwise unconstitutionally implemented the Ordinance.

A jury found Moore not liable but found that the County had violated the due process and equal protection rights of White Lion and Fischer. The district court subsequently granted the County's renewed motion for judgment notwithstanding the verdict, concluding that the evidence presented at trial did not support imposition of municipal liability upon the County. White Lion and Fischer appeal from that judgment. We affirm because no evidence in the record supports

---

[*] Honorable David G. Trager, United States District Judge for the Eastern District of New York, sitting by designation.

2

the conclusion that the County Commissioners were aware of or ratified any custom or policy that violated the equal protection or due process rights of the plaintiffs.

**AFFIRMED**.